# EXHIBIT A

*COPY*

## COMMONWEALTH OF MASSACHUSETTS
### County of Suffolk
### The Superior Court

CIVIL DOCKET #: _16 3f15 D_

```
——————————————————————————— X
                                  :
Michelle Ambers, on behalf or herself and all  :
others similarly situated,         :
                                  :
                  Plaintiff,       :
                                  :
         v.                        :
                                  :
Southwest Credit Systems, L.P.,    :
                                  :
                  Defendant.       :
——————————————————————————— X
```

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

For the Class Action Complaint, Plaintiff Michelle Ambers, by and through undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

### INTRODUCTION

1.      This action arises out of Defendant Southwest Credit Systems, L.P.'s ("Southwest" or "Defendant") repeated violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, *et seq.* ("MCPA"), and Massachusetts Debt Collection Regulations, 940 CMR § 7.00, *et seq.* ("MDCR"), in its illegal efforts to collect consumer debts.

2.      In 2011, then-Massachusetts Attorney General Martha Coakley launched an investigation to bring Massachusetts debt collection practices "up-to-date . . . to be consistent with other state and federal agencies" and to "ensure that the playing field is level for both

creditors and consumer so that all parties are better protected." As a result of that investigation, Attorney General Coakley regulated it an "unfair or deceptive act or practice for a creditor" to "initiate a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period to either the debtor's residence, cellular telephone, or other telephone number provided by the debtor as his or her personal telephone number." 940 CMR § 7.04(1)(f) (emphases added).

3.      The Attorney General has advised, and Massachusetts courts have now confirmed, that the regulation means debt collectors cannot place more than two collection calls per week to Massachusetts consumers, regardless of the outcome of the call. See Watkins v. Glenn Assocs., Inc., No. 15-CV-3302-H, 2016 WL 3224784, at *3 (Mass. Super. Ct. June 10, 2016) ("Both the language of, and the intention behind, the Debt Collection law's prohibition on initiating more than two telephone communications with a debtor with in a seven-day period are clear: to prevent the exact type of repetitive, aggressive, unwanted phone calls that occurred here.").

4.      It is Defendant's practice to call Massachusetts consumers more than twice a week to attempt to collect debts. Southwest placed more than two collection calls to Plaintiff Michelle Ambers ("Plaintiff") within one week, violating the express provisions of § 7.04(1)(f). Plaintiff seeks to represent all consumers similarly situated.

## PARTIES

5.      Plaintiff is an adult individual residing in Boston, Suffolk County, Commonwealth of Massachusetts, and is a "debtor" as defined by 940 C.M.R. § 7.03.

6.      Defendant is a Texas business entity with an address of 4120 International Parkway #1100, Carrollton, Texas 75007, and is a "creditor" as defined by 940 CMR § 7.03.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7.      Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor"), Comcast.

8.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 940 CMR § 7.03.

9.      Defendant attempted to collect the Debt on behalf of the Creditor and, as such, initiated and engaged in "communications" as defined in 940 CMR § 7.03.

### B. Defendant Engages in Unfair Business Practices

10.     Within the last year, Southwest began calling Plaintiff's cellular telephone in an attempt to collect the Debt.

11.     Southwest called Plaintiff from telephone number 855-748-6719.

12.     Southwest called Plaintiff at an excessive and harassing rate, placing more than two calls per week.

13.     For example, Southwest called Plaintiff at least three times between July 19, 2016, and July 22, 2016.

14.     Plaintiff discussed the Debt with Southwest on a call and confirmed it was seeking to collect on behalf of Comcast.

15.     Southwest repeatedly reached Plaintiff's voicemail but chose not to leave any message for Plaintiff.  Instead, it excessively rang Plaintiff's more than twice per week, in violation of 940 CMR § 7.04(1)(f).

### C. Plaintiff Suffered Actual Damages and Injury

16.     Plaintiff suffered actual damages as a result of Defendant's unlawful conduct.

17.     As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered anger, anxiety, emotional distress, fear, frustration and embarrassment.

18.     Defendant's repeated calls were distracting and inconveniencing to Plaintiff and an invasion of her personal privacy.

19.     Defendant's repeated calls wasted Plaintiff's time and energy spent tending to Defendant's calls.

**D. Plaintiff's Written Pre-Suit Demand**

20.     On or about August 3, 2016, Plaintiff, through counsel, sent Defendant a written pre-suit demand, attaching a draft complaint which detailed her claims as alleged herein.

21.     Defendant received Plaintiff's demand on or about August 9, 2016.

22.     Defendant did not respond to Plaintiff's demand.

## CLASS ACTION ALLEGATIONS

**A. The Class**

23.     Plaintiff brings this case as a class action pursuant to M.G.L. c. 93A, § 9(2) and Rule 23 of the Massachusetts Rules of Civil Procedure.

24.     Plaintiff seeks to represent the following class (the "Class"):

**All consumers residing in the Commonwealth of Massachusetts who, within four years prior to the filing of this action, received in excess of two telephone calls on a debt from Southwest within a seven-day period to their residence, cellular telephone, or other provided telephone number.**

**B. Numerosity**

25.     As its regular business practice, Defendant hounds Massachusetts consumers with numerous debt collection calls per week.  Southwest is a "leading national provider of accounts receivable management" and "annually manages billions of dollars in receivables accounts." *See* http://www.swcconsumer.com/about.html     (last     visited     Oct.     10,     2016);

http://www.swcgroup.com/company.html (last visited Oct. 10, 2016). Class members are believed to be so numerous that joinder of all members is impractical.

26. The exact number and identities of class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's records.

27. Plaintiff reasonably believes that there are thousands of Massachusetts consumers who are members of the Class.

C. Common Questions of Law and Fact

28. There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

29. The following questions of law and fact common to the class members are ripe for determination and are raised herein:

  a. Whether Defendant violated M.G.L. c. 93A § 2 and 940 CMR § 7.04(1)(f) by placing in excess of two debt collection calls per debt per seven-day period;

  b. Whether Defendant willfully and knowingly placed in excess of two debt collection calls per debt per seven-day period.

D. Typicality

30. Plaintiff's claims are typical of the claims of the class members, since each of the claims arises from receiving in excess of two debt collection calls within a seven-day period.

E. Protecting the Interests of Class Members

31. Plaintiff will fairly and adequately represent the interests of class members, all of whom are victims of Defendant's unlawful conduct.

32.     All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

33.     Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the Class.

F.   **Proceeding Via Class Action is Superior and Advisable**

34.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35.     Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

36.     The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

37.     Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

38.     The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiffs and the other class members.

## COUNT I
## VIOLATIONS OF THE MCPA, M.G.L. c. 93A, § 2,
## AND MDCR, 940 CMR § 7.04(1)(f)

39.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.    Defendant initiated communication via telephone in excess of two times within a seven-day period regarding a Debt to Plaintiff's residence, cellular telephone or other number provided by Plaintiff, in violation of 940 CMR § 7.04(1)(f).

41.    Defendant's failure to comply with these provisions constitutes an unfair or deceptive act in violation of M.G.L. c. 93A § 2.

42.    Defendant willfully or knowingly violated 940 CMR § 7.04(1)(f), and as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees and costs.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of the Class and against Defendant, as follows:

A)    Awarding actual damages as provided under the MCPA, pursuant to M.G.L. c. 93A § 9, including treble damages for Defendant's willful conduct;

B)    Awarding statutory damages as provided under the MCPA, pursuant to M.G.L. c. 93A § 9, including treble damages for Defendant's willful conduct;

C)    Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to M.G.L. c. 93A § 9;

D)    Granting such other and further relief this Court deems just and appropriate.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

PLAINTIFF,
MICHELLE AMBERS

By Plaintiff's attorneys,

LEMBERG LAW, LLC


Sergei Lemberg (BBO# 650671)
slemberg@lemberglaw.com
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
T: (203) 653-2250
F: (203) 653-3424

Dated: November 11, 2016

8

**CIVIL ACTION COVER SHEET**

DOCKET NUMBER ( COP )

16-3495D

**Trial Court of Massachusetts**
**The Superior Court**

PLAINTIFF(S): Michelle Ambers, on behalf of herself and all others similarly situated

COUNTY of Suffolk

ADDRESS: 49 Blue Hill Avenue, Apt 2
Boston, MA 02119

DEFENDANT(S): Southwest Credit Systems, L P

ATTORNEY: Sergei Lemberg, Esq

ADDRESS: LEMBERG LAW, 43 Danbury Road, Wilton, CT 06897

ADDRESS: 4120 International Parkway #1100
Carrollton, Texas 75007

BBO: 650671

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | Other Tortious Action | F | [X] YES   [ ] NO |

"If "Other" please describe: M.G.L. c. 93A, 82

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ....................................................................... $ ................
2. Total doctor expenses ....................................................................... $ ................
3. Total chiropractic expenses ....................................................................... $ ................
4. Total physical therapy expenses ....................................................................... $ ................
5. Total other expenses (describe below) ....................................................................... $ ................
Subtotal (A): ................

B. Documented lost wages and compensation to date ....................................... $ ................
C. Documented property damages to dated ....................................... $ ................
D. Reasonably anticipated future medical and hospital expenses ....................................... $ ................
E. Reasonably anticipated lost wages ....................................... $ ................
F. Other documented items of damages (describe below) ....................................... $ ................

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $    1,000,000 00

Signature of Attorney/Pro Se Plaintiff: X

Date: 11/11/2016

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X

Date: 11/11/2016

3

## COMMONWEALTH OF MASSACHUSETTS
### THE TRIAL COURT

*16 . 3495 D.*

Suffolk County
Docket number:

### Motion to Appoint a Special Process Server
### Pursuant to Rule 4c of the M.R.C.P.

Plaintiff(s): Michelle Ambers, *on behalf or herself and all others similarly situated,*
v.

Defendant(s):  Southwest Credit Systems, L.P.,

*11/21/16*
*Train allowed by*
*the Court   ( Leikins )*
*attest : Maganet M. Sullan*
*assistant clerk*

The undersigned moves to request that this honorable court appoint Dewsnap & Associates, LLC or its agents as special process servers in this matter under rule 4c of the Massachusetts Rules of Civil Procedure. We are not parties to this matter, nor do we have any interest in the outcome of this litigation. The above persons are qualified persons over the age of 18 and knowledgeable in the service of process.

Attorney or requesting agent
address:

Sergei Lemberg, Esq.
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897

Signed under the pains and penalties of perjury:

Sergei Lemberg, Esq.

Date:  11/11/16

## ORDER OF THE COURT APPOINTING SPECIAL PROCESS
## SERVERS

Pursuant to rule 4c, it is ordered that Dewsnap & Associates, LLC or its agents thereof, are hereby appointed as special process servers for the above captioned case.

### ALLOWED

_____   _____

Signature

_____   _____

Title and date