# COMMONWEALTH OF MASSACHUSETTS
## SUFFOLK COUNTY CIVIL
### Docket Report

## 1684CV03495
### Ambers, Michelle   vs.   Southwest Credit Systems L P

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Torts | **FILE DATE:** | 11/15/2016 |
| **ACTION CODE:** | B99 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** | Other Tortious Action | | |
| **CASE DISPOSITION DATE** | 12/30/2016 | **CASE STATUS :** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE :** | 12/30/2016 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil D |

## LINKED CASE

## PARTIES

| | |
|---|---|
| **Plaintiff** <br> Ambers,  Michelle | **650671** <br> Sergei Lemberg <br> Lemberg Law, LLC <br> Lemberg Law, LLC <br> 43 Danbury Road <br> Wilton, CT 06897 <br> Work Phone (203) 653-2250 <br> Added Date: 11/15/2016 |
| **Defendant** <br> Southwest Credit Systems L P | **555251** <br> John J O'Connor <br> Peabody & Arnold LLP <br> Peabody & Arnold LLP <br> 600 Atlantic Avenue <br> Boston, MA 02210-2261 <br> Work Phone (617) 951-2100 <br> Added Date: 12/29/2016 |

CRTR2709-CR

## COMMONWEALTH OF MASSACHUSETTS
### SUFFOLK COUNTY CIVIL
#### Docket Report

| | | INFORMATIONAL DOCKET ENTRIES | |
|---|---|---|---|
| Date | Ref | Description | Judge |
| 11/15/2016 | | Attorney appearance<br>On this date Sergei Lemberg, Esq. added for Plaintiff Michelle Ambers | |
| 11/15/2016 | | Case assigned to:<br>DCM Track F - Fast Track was added on 11/15/2016 | |
| 11/15/2016 | 1 | Original civil complaint filed. | |
| 11/15/2016 | 2 | Civil action cover sheet filed. | |
| 11/15/2016 | | Demand for jury trial entered. | |
| 11/29/2016 | 3 | Plaintiff Michelle Ambers's  Motion to<br>Appoint Special Process Server Dewsnap & Associates: ALLOWED (dated<br>11/29/16) | Wilson |
| 12/16/2016 | 4 | Service Returned for<br>Defendant Southwest Credit Systems L P: Service through person in<br>charge / agent; | |
| 12/29/2016 | | Attorney appearance<br>On this date John J O'Connor, Esq. added for Defendant Southwest Credit<br>Systems L P | |
| 12/29/2016 | 5 | Notice of Removal to the United States District Court filed by<br><br>Defendant (US Dist # 16-cv-12610)<br><br>Applies To: Southwest Credit Systems L P (Defendant) | |
| 12/30/2016 | | REMOVED to the U.S. District Court<br>of Massachusetts | |
| 12/30/2016 | | Case transferred to another court. | |

I HEREBY ATTEST AND CERTIFY ON

Jan. 4, 2017_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _Margaret M. Allen_

(Asst. Clerk

**COMMONWEALTH OF MASSACHUSETTS**
County of Suffolk
The Superior Court

CIVIL DOCKET #: _16 · 3495 1)_

```
_____ X
                                    :
Michelle Ambers, on behalf or herself and all   :
others similarly situated,          :
                                    :
                Plaintiff,          :
                                    :
                                    :
        v.                          :
                                    :
                                    :
Southwest Credit Systems, L.P.,     :
                                    :
                Defendant.          :
_____ X
```

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
2016 NOV 15  A 10: 43
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

For the Class Action Complaint, Plaintiff Michelle Ambers, by and through undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1.     This action arises out of Defendant Southwest Credit Systems, L.P.'s ("Southwest" or "Defendant") repeated violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, *et seq.* ("MCPA"), and Massachusetts Debt Collection Regulations, 940 CMR § 7.00, *et seq.* ("MDCR"), in its illegal efforts to collect consumer debts.

2.     In 2011, then-Massachusetts Attorney General Martha Coakley launched an investigation to bring Massachusetts debt collection practices "up-to-date . . . to be consistent with other state and federal agencies" and to "ensure that the playing field is level for both

creditors and consumer so that all parties are better protected."   As a result of that investigation, Attorney General Coakley regulated it an "unfair or deceptive act or practice for a creditor" to "initiate a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period to either the debtor's residence, cellular telephone, or other telephone number provided by the debtor as his or her personal telephone number." 940 CMR § 7.04(1)(f) (emphases added).

3.     The Attorney General has advised, and Massachusetts courts have now confirmed, that the regulation means debt collectors cannot place more than two collection calls per week to Massachusetts consumers, regardless of the outcome of the call. See Watkins v. Glenn Assocs., Inc., No. 15-CV-3302-H, 2016 WL 3224784, at *3 (Mass. Super. Ct. June 10, 2016) ("Both the language of, and the intention behind, the Debt Collection law's prohibition on initiating more than two telephone communications with a debtor with in a seven-day period are clear: to prevent the exact type of repetitive, aggressive, unwanted phone calls that occurred here.").

4.     It is Defendant's practice to call Massachusetts consumers more than twice a week to attempt to collect debts.  Southwest placed more than two collection calls to Plaintiff Michelle Ambers ("Plaintiff") within one week, violating the express provisions of § 7.04(1)(f). Plaintiff seeks to represent all consumers similarly situated.

## PARTIES

5.     Plaintiff is an adult individual residing in Boston, Suffolk County, Commonwealth of Massachusetts, and is a "debtor" as defined by 940 C.M.R. § 7.03.

6.     Defendant is a Texas business entity with an address of 4120 International Parkway #1100, Carrollton, Texas 75007, and is a "creditor" as defined by 940 CMR § 7.03.

2

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

7.     Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor"), Comcast.

8.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 940 CMR § 7.03.

9.     Defendant attempted to collect the Debt on behalf of the Creditor and, as such, initiated and engaged in "communications" as defined in 940 CMR § 7.03.

### B.  Defendant Engages in Unfair Business Practices

10.     Within the last year, Southwest began calling Plaintiff's cellular telephone in an attempt to collect the Debt.

11.     Southwest called Plaintiff from telephone number 855-748-6719.

12.     Southwest called Plaintiff at an excessive and harassing rate, placing more than two calls per week.

13.     For example, Southwest called Plaintiff at least three times between July 19, 2016, and July 22, 2016.

14.     Plaintiff discussed the Debt with Southwest on a call and confirmed it was seeking to collect on behalf of Comcast.

15.     Southwest repeatedly reached Plaintiff's voicemail but chose not to leave any message for Plaintiff.  Instead, it excessively rang Plaintiff's more than twice per week, in violation of 940 CMR § 7.04(1)(f).

### C.  Plaintiff Suffered Actual Damages and Injury

16.     Plaintiff suffered actual damages as a result of Defendant's unlawful conduct.

17.     As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered anger, anxiety, emotional distress, fear, frustration and embarrassment.

18.     Defendant's repeated calls were distracting and inconveniencing to Plaintiff and an invasion of her personal privacy.

19.     Defendant's repeated calls wasted Plaintiff's time and energy spent tending to Defendant's calls.

**D. Plaintiff's Written Pre-Suit Demand**

20.     On or about August 3, 2016, Plaintiff, through counsel, sent Defendant a written pre-suit demand, attaching a draft complaint which detailed her claims as alleged herein.

21.     Defendant received Plaintiff's demand on or about August 9, 2016.

22.     Defendant did not respond to Plaintiff's demand.

## CLASS ACTION ALLEGATIONS

**A. The Class**

23.     Plaintiff brings this case as a class action pursuant to M.G.L. c. 93A, § 9(2) and Rule 23 of the Massachusetts Rules of Civil Procedure.

24.     Plaintiff seeks to represent the following class (the "Class"):

**All consumers residing in the Commonwealth of Massachusetts who, within four years prior to the filing of this action, received in excess of two telephone calls on a debt from Southwest within a seven-day period to their residence, cellular telephone, or other provided telephone number.**

**B. Numerosity**

25.     As its regular business practice, Defendant hounds Massachusetts consumers with numerous debt collection calls per week.  Southwest is a "leading national provider of accounts receivable management" and "annually manages billions of dollars in receivables accounts." *See* http://www.swcconsumer.com/about.html     (last     visited     Oct.     10,     2016);

http://www.swcgroup.com/company.html (last visited Oct. 10, 2016).   Class members are believed to be so numerous that joinder of all members is impractical.

26.     The exact number and identities of class members are unknown at this time and can only be ascertained through discovery.   Identification of the class members is a matter capable of ministerial determination from Defendant's records.

27.     Plaintiff reasonably believes that there are thousands of Massachusetts consumers who are members of the Class.

## C.  Common Questions of Law and Fact

28.     There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

29.     The following questions of law and fact common to the class members are ripe for determination and are raised herein:

      a.   Whether Defendant violated M.G.L. c. 93A § 2 and 940 CMR § 7.04(1)(f) by placing in excess of two debt collection calls per debt per seven-day period;

      b.   Whether Defendant willfully and knowingly placed in excess of two debt collection calls per debt per seven-day period.

## D.  Typicality

30.     Plaintiff's claims are typical of the claims of the class members, since each of the claims arises from receiving in excess of two debt collection calls within a seven-day period.

## E.  Protecting the Interests of Class Members

31.     Plaintiff will fairly and adequately represent the interests of class members, all of whom are victims of Defendant's unlawful conduct.

32.     All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

33.     Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the Class.

**F.   Proceeding Via Class Action is Superior and Advisable**

34.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35.     Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

36.     The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

37.     Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

38.     The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiffs and the other class members.

## COUNT I
## VIOLATIONS OF THE MCPA, M.G.L. c. 93A, § 2,
## AND MDCR, 940 CMR § 7.04(1)(f)

39.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.     Defendant initiated communication via telephone in excess of two times within a seven-day period regarding a Debt to Plaintiff's residence, cellular telephone or other number provided by Plaintiff, in violation of 940 CMR § 7.04(1)(f).

41.     Defendant's failure to comply with these provisions constitutes an unfair or deceptive act in violation of M.G.L. c. 93A § 2.

42.     Defendant willfully or knowingly violated 940 CMR § 7.04(1)(f), and as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees and costs.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of the Class and against Defendant, as follows:

A)     Awarding actual damages as provided under the MCPA, pursuant to M.G.L. c. 93A § 9, including treble damages for Defendant's willful conduct;

B)     Awarding statutory damages as provided under the MCPA, pursuant to M.G.L. c. 93A § 9, including treble damages for Defendant's willful conduct;

C)     Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to M.G.L. c. 93A § 9;

D)     Granting such other and further relief this Court deems just and appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

PLAINTIFF,
MICHELLE AMBERS

By Plaintiff's attorneys,

LEMBERG LAW, LLC

Serge Lemberg (BBO# 650671)
slemberg@lemberglaw.com
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
T: (203) 653-2250
F: (203) 653-3424

Dated: November 11, 2016

I HEREBY ATTEST AND CERTIFY ON
Jan. 4, 2017_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Asst. Clerk

2

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 16.3495D | Trial Court of Massachusetts The Superior Court |
|---|---|---|

PLAINTIFF(S): Michelle Ambers, on behalf or herself and all others similarly situated

ADDRESS: 49 Blue Hill Avenue, Apt. 2
Boston, MA 02119

COUNTY of Suffolk

DEFENDANT(S): Southwest Credit Systems, L.P.

ATTORNEY: Sergei Lemberg, Esq.

ADDRESS: LEMBERG LAW, 43 Danbury Road, Wilton, CT 06897

ADDRESS: 4120 International Parkway #1100
Carrollton, Texas 75007

BBO: 650671

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

CODE NO.
B99

TYPE OF ACTION (specify)
Other Tortious Action

TRACK
F

HAS A JURY CLAIM BEEN MADE?
[X] YES   [ ] NO

"If "Other" please describe: M.G.L. c. 93A, §2

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................. $ _____
2. Total doctor expenses .............................................................. $ _____
3. Total chiropractic expenses ....................................................... $ _____
4. Total physical therapy expenses .................................................. $ _____
5. Total other expenses (describe below) ............................... Subtotal $ _____

B. Documented lost wages and compensation to date ...................................... $ _____
C. Documented property damages to dated .................................................. $ _____
D. Reasonably anticipated future medical and hospital expenses ........................... $ _____
E. Reasonably anticipated lost wages ...................................................... $ _____
F. Other documented items of damages (describe below) ................................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$ _____

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $ 1,000,000.00

Signature of Attorney/Pro Se Plaintiff: X

Date: 11/11/2016

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X

Date: 11/11/2016

*[stamp:]* MICHAEL JOSEPH DONOVAN CLERK / MAGISTRATE
SUFFOLK SUPERIOR COURT CIVIL CLERK'S OFFICE
2016 NOV 15 A 10 43

I HEREBY ATTEST AND CERTIFY ON
Jan. 4, 2017                  , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: *[signature]*

Asst. Clerk

**3**

## COMMONWEALTH OF MASSACHUSETTS
### THE TRIAL COURT

*16 . 3495 D*

Suffolk County
Docket number:

### Motion to Appoint a Special Process Server
### Pursuant to Rule 4c of the M.R.C.P.

Plaintiff(s): Michelle Ambers, *on behalf or herself and all others similarly situated,*
v.

Defendant(s):  Southwest Credit Systems, L.P.,

*11/29/16*
*Filed & allowed by*
*the Court.   (Shulkin J)*
*Attest:  Margaret M. Sellon*
*Assistant Clerk*

The undersigned moves to request that this honorable court appoint Dewsnap & Associates, LLC or its agents as special process servers in this matter under rule 4c of the Massachusetts Rules of Civil Procedure. We are not parties to this matter, nor do we have any interest in the outcome of this litigation. The above persons are qualified persons over the age of 18 and knowledgeable in the service of process.

Attorney or requesting agent          Signed under the pains and penalties of perjury:
address:

Sergei Lemberg, Esq.
Lemberg Law, LLC                      _____
43 Danbury Road                       Sergei Lemberg, Esq.
Wilton, CT 06897              Date: _____ 11/11/16 _____

## ORDER OF THE COURT APPOINTING SPECIAL PROCESS SERVERS

Pursuant to rule 4c, it is ordered that Dewsnap & Associates, LLC or its agents thereof, are hereby appointed as special process servers for the above captioned case.

ALLOWED

_____
Signature

_____
Title and date

I HEREBY ATTEST AND CERTIFY ON
Jan. 4, 2017 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY Margaret M. Sellon
Asst. Clerk

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 16-3495D

Michelle Ambers _____, Plaintiff(s)

v.

Southwest Credit Systems, L.P. _____, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Lemberg Law, _____

plaintiff's attorney, whose address is 43 Danbury Rd, Wilton CT 06897 _____, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esquire, at Boston, the _____ day of _____, in the year of our Lord two thousand _____.

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV. P.1 10M–5/16

I HEREBY ATTEST AND CERTIFY ON
Jan. 4, 2017 _____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: *Margaret M. Sullivan*

Asst. Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
2016 DEC 16  A 10: 45



# Commonwealth of Massachusetts

SUFFOLK, ss.                                                SUPERIOR COURT DEPARTMENT
                                                            OF THE TRIAL COURT
                                                            CIVIL ACTION
                                                            No.

_____ , Plff(s)

v.

_____ , Deft(s).

### SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

Documents Served:
1.  Summons.
2.  Class Action Complaint and Demand for Jury Trial.
3.  Motion to Appoint a Special Process Server, and
4.  Civil Action Cover Sheet.

December 5 , 2016.

**N.B. TO PROCESS SERVER:—**

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

---

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on December 5 , 2016, at 2:52 pm. I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1–5):

by delivering "in-hand" upon Melinda Tasker Registered Agent
TT Corporation System, Registered Agent for defendant
Credit Systems, LP at 4 Capitol Street Concord N H

Dated: December 6, 2016.

_____
Special Process Server & Disinterested Person

5

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION NO. 1684CV03495

US Dist # 16-cv-12610

MICHELLE AMBERS,

Plaintiff,

v.

SOUTHWEST CREDIT SYSTEMS, L.P.,

Defendant.

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
FILED

DEC 29 2016

MICHAEL JOSEPH DONOVAN
CLERK OF COURT

## NOTICE OF FILING REMOVAL TO FEDERAL COURT

**To The Clerk of The Court of Suffolk Superior Court:**

PLEASE TAKE NOTICE that the Defendant has filed a Notice of Removal of this action to

the United States District Court for the District of Massachusetts this 27th day of December 2016.

I HEREBY ATTEST AND CERTIFY ON

Jan. 4, 2017 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: Margaret M. Seller
Asst. Clerk

Dated:  December 27, 2016

SOUTHWEST CREDIT SYSTEMS, L.P.

By its attorneys,

John J. O'Connor
BBO #555251
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210-2261
Tel. (617) 951-2100
Fax. (617) 951-2125
joconnor@peabodyarnold.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of December 2016, I served the foregoing document by causing a copy of same to be served by First-Class Mail, postage pre-paid to:

Sergei Lemberg, Esq.
Lemberg Law, LLC
43 Danbury Road
Wilton, CT  06897

John J. O'Connor

1129416_1
16115-201352

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUETTS

MICHELLE AMBERS,
                    Plaintiff,

v.                                          CIVIL ACTION NO.   1:16-cv-12610

SOUTHWEST CREDIT SYSTEMS, L.P.,

                    Defendants.

## DEFENDANT'S NOTICE OF REMOVAL
### [28 U.S.C. §§ 1332, 1441and 1446]

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, the Defendant Southwest Credit Systems, L.P., hereby gives notice of the removal of this action from Suffolk Superior Court to this Court on the basis of diversity jurisdiction. In support of this notice, the Defendant states as follows:

1.      The Plaintiff Michelle Ambers commenced a state court action on November 11, 2016, by filing her Complaint in Suffolk Superior Court, Civil Action No. 1684CV03495D. (See Exhibit A).

2.      The Defendant first received a copy of the Complaint on or about December 5, 2016.

3.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely.  It is filed within thirty days of Defendant's receipt of process, and less than a year after the commencement of the action. Id.

4.      Suffolk Superior Court is located within this Court's District. Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332, because there is complete diversity between the Plaintiff and Defendant.

6.      The Plaintiff alleges in her Complaint (Exhibit A, ¶5) that she is a resident of Boston, Massachusetts.

7.      The Defendant Southwest Credit Systems, L.P. is a Texas Limited Partnership with a principal office located at 410 International Parkway, Suite 1100, Carrolton, TX  75007. None of its partners are citizens of Massachusetts.

8.      Accordingly, there is complete diversity.

9.      The Plaintiff purports to represent a class and is seeking damages in excess of $75,000 exclusive of interest and costs.  The amount in controversy thus exceeds $75,000.

10.     Accordingly, this Court has diversity jurisdiction based upon 28 U.S.C. §§1332, 1441, and 1446.

11.     Pursuant to 28 U.S.C. §1446(d), the Defendant is filing a copy of this Notice of Removal with the Clerk of Suffolk Superior Court, and is serving copies of both the state and federal court notices upon the counsel for the Plaintiff.

For the foregoing reasons, the Defendant hereby removes this action from Suffolk Superior Court to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

Dated: December 27, 2016

SOUTHWEST CREDIT SYSTEMS, L.P.

By its attorneys,

/s/ John J. O'Connor
John J. O'Connor
BBO # 555251
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210-2261
617.951.2100
joconnor@peabodyarnold.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of December 2016, I served the foregoing document by causing a copy of same to be served by First-Class Mail, postage pre-paid to:

Sergei Lemberg, Esq.
Lemberg Law, LLC
43 Danbury Road
Wilton, CT  06897


/s/ John J. O'Connor
John J. O'Connor

1129410_1
16115-201352

4

JS 44   (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Michelle Ambers | Southwest Credit Systems, L.P. |

| **(b)** County of Residence of First Listed Plaintiff   Suffolk, MA | County of Residence of First Listed Defendant   Dallas, TX |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Sergei Lemberg, Esq. , Lemberg Law, L.L.C. 43 Danbury Road, Wilston, CT (203-653-2250) | Attorneys *(If Known)*<br>John J. O'Connor, Peabody & Arnold LLP, 600 Atlantic Avenue, Boston, MA  02210-2261 (617-951-2100) |
|---|---|

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Matters<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1   Original Proceeding
- ☒ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Section 1332

Brief description of cause:
Plaintiff Alleges Violation of Trade Practices Action 193A

| VII. REQUESTED IN COMPLAINT: | ☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $<br>1,000,000.00 | CHECK YES only if demanded in complaint:<br>JURY DEMAND:   ☒ Yes   ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE<br>12/27/2016 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) Michelle Ambers v. Southwest Credit Systems, L.P. ____

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local
    rule 40.1(a)(1)).

    ☐      I.       410, 441, 470, 535, 830*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

    ☑      II.      110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720,
                    740, 790, 820*, 840*, 850, 870, 871.

    ☐      III.     120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315,  330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 376, 385,
                    400, 422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555,  625, 690, 751, 791, 861-865,  890, 896,
                    899, 950.

                    *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this
    district please indicate the title and number of the first filed case in this court.

    N/A _____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                         YES ☐      NO ☑

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC
    §2403)

                                                         YES ☐      NO ☑

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                         YES ☐      NO ☑

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                         YES ☐      NO ☑

7.  Do all of the parties  in this action, excluding governmental agencies of the United States and the Commonwealth of
    Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? -  (See Local Rule 40.1(d)).

                                                         YES ☑      NO ☐

    A.      If yes, in which division do all of the non-governmental parties reside?

            Eastern Division ☑           Central Division ☐              Western Division ☐

    B.      If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
            residing in Massachusetts reside?

            Eastern Division ☐           Central Division ☐              Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes,
    submit a separate sheet identifying the motions)

                                                         YES ☐      NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME John J. O'Connor, Esq. _____

ADDRESS Peabody & Arnold LLP, Federal Reserve Plaza, 600 Atlantic Avenue, Boston, MA  02210-2261 _____

TELEPHONE NO. 617-951-2077 _____

(CategoryForm3-2016.wpd )

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of January 2017, I served the foregoing document by causing a copy of same to be served via ECF on the following:

Sergei Lemberg, Esq.
Lemberg Law LLC
43 Danbury Road
Wilton, CT 06897

/s/ John J. O'Connor
John J. O'Connor